# Russell *v.* Puryear, Admr.

## *Proceedings to retax Costs.*

1. *Motion to retax costs; when properly overruled.*—Where a motion is made to retax the costs charged by a register in a chancery suit, upon the ground that, in preparing the transcript which was the principal item of the cost, the register charged for each figure copied in the transcript as for a word, in contravention of the statute which provides that "each amount or number expressed in figures shall constitute one word regardless of the number of figures therein," (Code, § 1369), but it is not averred or claimed in the motion that the transcript was made after the enactment of the section referred to, such motion fails to disclose a case for the retaxation of the costs, on the ground of excessive charge; and a decree overruling it is not erroneous.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. WILLIAM H. SIMPSON.

The appeal in this case is prosecuted from a decree of the chancellor overruling and denying a motion to retax the costs or fees of the register in chancery for making the transcript of a case carried by appeal to the Supreme Court from the chancery court of Limestone county. The case in which the appeal was taken was between the parties to this appeal, and in the Supreme Court judgment was rendered against the present appellants. After the rendition of said judgment the register in chancery of Limestone county issued an execution against the appellants for the cost of the transcript, which as taxed and ascertained by the register, amounted to $2,271. After the execution was issued and was in the hands of the sheriff, the appellant paid the costs under protest and then filed a motion in the present case, wherein they set out the fact of payment of costs under protest, and moved the court to retax the

costs for the making out of the said transcript, upon the ground that the register's charges therefor were excessive and contrary to law. The principal ground upon which the movant relied to show that the fees as charged were excessive and contrary to law was that in computing the costs or fees due the register for making out said transcript, she had counted each figure as a word, whereas, under section 1369 of the Code, it is provided that each amount or number expressed in figures shall constitute but one word regardless of the number of figures therein. The respondents to the motion moved the court to strike the motion to retax the costs from the file on the ground that said motion came too late and that the movant had paid the costs and fees complained of before the motion was made, and that the execution upon said motion had been fully excepted by the sheriff and the money thereon paid to the register, and because said motion was vague, uncertain and indefinite. Upon the hearing of the motion to strike, the chancellor in his opinion held that the movant having paid the execution voluntarily, his motion came too late, and that he had not pursued the proper remedy, and thereupon decreed that the motion to strike the motion to retax the costs from the file be sustained, and accordingly ordered the motion to retax the costs stricken from the file. From this decree the movant appeals, and assigns the rendition thereof as error.

W. R. FRANCIS, MILTON HUMES and ALEX. TROY, for appellant.—The costs sought to be taxed were excessive and were taxed in violation of the statute.—Code, § 1369.

It is the settled law of this State that errors of the clerk in taxing costs may be corrected at any time. *Bailey v. Hodges,* 3 Port. 335; *Span v. Cole,* 13 Ala. 473; *Pryor v. Beek,* 21 Ala. 393; *Tecumseh v. Magnum,* 67 Ala. 246; *State v. Parker,* 83 Ala. 269; *Tippins v. Peters,* 103 Ala. 196.

THOMAS C. MCCLELLAN, *contra.*—The motion to retax came too late. It was not filed in accordance with the statute in cases where execution is in the hands of

the sheriff.—Code, §§. 1344, 1345; *State v. Parker*, 83 Ala. 269; 18 Ency. Law (old ed.), 214, and notes and authorities.

SHARPE, J.—As appears from the petition disposed of by the decree appealed from, the only ground upon which is sought a restoration of the money claimed to have been paid in excess of proper costs is that on account of the transcript used on the appeal, wherein the costs were taxed, the register charged for each figure appearing in the transcript as for a word in contravention of section 1369 of the Code, which provides among other things that in estimating the costs of copying "each amount or number expressed in figures shall constitute one word, regardless of the number of figures therein." That provision first became a law by its adoption into the present Code and until the same was put in force, fees for copying were regulated by the Code of 1886, which allowed to the register fifteen cents "for every hundred words" without regard to the character or characters used to represent such words.

In the petition it is not alleged or claimed that the former appeal was taken or that the transcript therefor was made after the enactment of the latter law referred to, and therefore, in determining the merits of the petition it may well be assumed that the costs in question accrued under the former law. So assuming, it appears that the petition fails to disclose even *prima facie* that the costs were excessively taxed. Section 1369 of the present Code is not retroactive and does not govern the taxation as costs of fees earned prior to its adoption.—23 Am. & Eng. Ency. Law, 397, 398.

The decree is not shown to be erroneous and whether the chancellor's reasons therefor were good is immaterial.

Affirmed.